UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NATHAN W. RICKARDS,

                Plaintiff,

   v.                                      Case No. 25-cv-1534-pp

SAWYER COUNTY JAIL,

                Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Nathan W. Rickards, who is incarcerated at Jackson Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of his constitutional rights when he was confined at the Sawyer County Jail. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On October 29, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $6.67. Dkt. No. 6. The court received that fee on December 30, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff was a pretrial detainee confined at the Sawyer County Jail during the events described in the complaint. Dkt. No. 1 at 4. He alleges that beginning on January 1, 2022, the jail stopped allowing incarcerated individuals to receiving incoming mail unless it was legal mail. Id. The plaintiff states that he filed a grievance, and he was told that jail inspectors said it was fine to deny incarcerated persons' incoming mail. Id. at 7. The plaintiff seeks monetary damages for being denied the right to correspond with friends and family. Id. at 5.

C.     Analysis

The plaintiff has named the Sawyer County Jail as the sole defendant, but he cannot sue the jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Sawyer County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a plaintiff may sue a

municipality—which is not a person—under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cnty. Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, a jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an arm of the county. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Sawyer County Jail does not have the capacity to be sued, the plaintiff may not proceed against the jail.

The First Amendment's guarantee of freedom of speech provides protection from censorship of an incarcerated individual's incoming and outgoing correspondence. Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999) (citing Turner v. Safley, 482 U.S. 78 (1987); Thornburgh v. Abbott, 490 U.S. 401 (1989)). A facility's restriction on an incarcerated individual's speech will be upheld if it is reasonably related to a legitimate penological interest. Turner, 482 U.S. at 89. In determining whether a reasonable relationship exists, the Supreme Court considers four factors: (1) whether there is a "valid, rational connection" between the restriction and a legitimate governmental interest; (2) whether the incarcerated individual retains alternatives for exercising the right; (3) what impact accommodation of the right will have on jail administration; and (4) whether there are other ways that jail officials can achieve the same goals without encroaching on the right. See id. at 89–91.

4

The plaintiff was confined at the Sawyer County Jail when he filed this lawsuit alleging that the jail's policy deprived him the right to correspond with friends and family. Although the plaintiff cannot sue the Sawyer County Jail, he *can* sue Sawyer County. The court will substitute Sawyer County for the jail, and will allow the plaintiff to proceed on a First Amendment claim against the county based on the policy that allegedly prevents incarcerated persons from receiving any incoming, non-legal mail. Although the jail may have a legitimate reason for the alleged policy, the court cannot anticipate any such reason at the screening stage. See Ortiz v. Downey, 561 F.3d 64, 669-70 (7th Cir. 2009); Lindell v. Frank, 377 F.3d 655, 658 (7th Cir. 2004).

III.    **Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DIRECTS** the clerk's office to update the docket to substitute Sawyer County for the Sawyer County Jail as the defendant.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Sawyer County under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

5

The court **ORDERS** defendant Sawyer County to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$343.33** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Jackson Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

6

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 20th day of February, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**